NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| **DIMITRIA M. CANDELARIA,**<br><br>Plaintiff - Appellant,<br><br>v.<br><br>**CAROLYN W. COLVIN,**<br>**Commissioner of Social Security,**<br><br>Defendant - Appellee. | No. 13-35961<br><br>D.C. No. 3:12-cv-05316-RJB-KLS<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted October 14, 2015
Seattle, Washington

Before:      **KOZINSKI**, **W. FLETCHER** and **FISHER**, Circuit Judges.

**1.**  The administrative law judge (ALJ) found that Candelaria wasn't credible because (1) her physical therapist reported that she may have exaggerated her pain levels, (2) she participated in a wrestling competition during her alleged period of disability and (3) she attended only half of her scheduled physical-therapy

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

appointments. These specific and convincing reasons for discounting Candelaria's testimony amply justify the ALJ's adverse credibility determination. See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001); Fair v. Bowen, 885 F.2d 597, 603–05 (9th Cir. 1989).

**2.** Although the ALJ didn't discuss every detail in the medical record, he did discuss all of the significant and probative evidence that bore on Candelaria's ability to work. Nothing more was required. Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (per curiam). The ALJ's decision to give "little weight" to an evaluation submitted by Candelaria's physical therapist was justified by the fact that the physical therapist concluded that Candelaria may have been exaggerating her pain levels.

**3.** The ALJ did not err by declining to fully credit a lay-witness report submitted by Posada, Candelaria's daughter and caretaker. The ALJ could reasonably distrust Posada's report because it was inconsistent with the medical evidence. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). Moreover, any error in failing to credit Posada was harmless because her report largely recounted complaints from Candelaria, whom the ALJ had already found to be not

credible.  <u>See</u> <u>Valentine</u> v. <u>Comm'r Soc. Sec. Admin.</u>, 574 F.3d 685, 694 (9th Cir. 2009).

*        *        *

Because substantial evidence supports the ALJ's determination that Candelaria is not disabled, the decision below is **AFFIRMED.**